UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                                  CASE NO: 8:16-cr-65-T-33JSS

GLOVER A. YAWN, JR.
_____/

## ORDER

THIS MATTER is before the Court on Defendant's Motion for Pretrial Release/Bond (Dkt. 22) and the Government's Response in Opposition to Defendant's Motion for Bond (Dkt. 25). In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on November 28, 2016. Upon consideration, the Court concludes that the facts and evidence presented at the hearing require Defendant's detention pending trial in this case.

Defendant was initially before the Court on August 25, 2016, on an Indictment charging him with being a convicted felon in possession of a firearm and ammunition in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (Dkt. 1.) At that time, Defendant waived his right to a bond hearing but reserved the right to revisit the Court's order of detention. On November 8, 2016, Defendant filed his Motion for Pretrial Release/Bond (Dkt. 22) seeking pretrial release. A hearing on the matter was held on November 28, 2016.

### APPLICABLE STANDARDS

Under the Bail Reform Act, the determination of whether there are conditions of release that will reasonably assure the appearance of a defendant and the safety of the community rests on the Court's consideration of the following factors: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the

person; and (4) the risk of danger to any person or the community that the defendant would present if released.  *See* 18 U.S.C. § 3142(g).

## ANALYSIS

Considering the evidentiary proffer and arguments made by the Government and counsel for Defendant at the hearing, the factors set forth in the Bail Reform Act, 18 U.S.C. § 3142, require Defendant's detention pending trial.

Defendant was Indicted by a Grand Jury in this matter on February 17, 2016, and was charged with being a convicted felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).  If convicted of the charged offense, Defendant faces a 15-year mandatory minimum sentence as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e).  (Dkt. 25.)  In light of the Grand Jury Indictment for the charged offense, there is probable cause to believe that Defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in Title 21, United States Code, Sections 841 and 846.  *See United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985) (stating that "an indictment is sufficient to demonstrate probable cause").  The Government seeks detention on the grounds that Defendant cannot overcome the statutory presumptions arising from such circumstances and that no condition or combination of conditions will reasonably assure that Defendant is not a risk of flight or danger to the community.  *See* 18 U.S.C. § 3142(e).

The Government established clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.  18 U.S.C. § 3142(f); *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988) (explaining that Section 3142(f) requires a finding that "no condition or combination of conditions will reasonably assure the safety of the community be supported by clear and convincing evidence").  From the

Government's evidentiary proffer, at the time of his arrest, Defendant violently resisted law enforcement. Although he was wearing handcuffs, Defendant kicked the patrol car door with such force that the door became inoperable and law enforcement officers had to use a Taser to bring Defendant under control. Defendant's Pretrial Services Report also includes a long history of Defendant's criminal convictions, including multiple convictions for battery.

Defendant provided arguments to rebut the applicable presumption against release and argued that conditions of release are available to help ensure the safety of the public. Defendant proposed the following conditions: utilizing his relatives' homes for collateral to secure his release; having his grandmother serve as third-party custodian, and having electronic GPS monitoring.

However, the factors in the Bail Reform Act weigh against pretrial release in this case. The Government proffered that at the time of his arrest, Defendant possessed a back pack containing a stolen firearm that was loaded with ammunition. A ski mask, a crow bar, and a prescription for oxycodone with Defendant's name listed on the prescription were also inside the back pack. The weight of the evidence against Defendant is strong. Additionally, the nature and circumstances proffered involve conduct that creates a risk of violence given Defendant's alleged possession of a stolen weapon, ski mask, oxycodone prescription, and a crow bar. The history and characteristics of Defendant also weigh in favor of detention. Although Defendant has ties to the Middle District of Florida, he has a long history of criminal conduct that includes convictions for violent offenses. He also acted with violence upon arrest. Given the considerations in the Bail Reform Act, Defendant's release would present a risk of danger to the community. Accordingly, the Government has established clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.

The Government has also established by a preponderance of the evidence that no condition or combination of conditions are available that will reasonably assure Defendant's appearance at trial. *See King*, 849 F.2d at 489 (government's burden of proof on the question of risk of flight is governed by the preponderance of the evidence standard); *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985) (same). From Defendant's Pretrial Services Report, Defendant repeatedly failed to adhere to conditions of release in other cases. He violated the terms of probation and had his bond revoked numerous times. He also failed to appear in court as required, and warrants were issued for his arrest on more than one occasion. Additionally, according to Defendant's Pretrial Services Report, Defendant admittedly uses marijuana regularly. Moreover, if convicted on the pending charge in this case, Defendant potentially faces long-term imprisonment. The fact that Defendant faces a long period of incarceration if convicted provides tremendous incentive to flee. *See King*, 849 F.2d at 488. Accordingly, although Defendant has ties to the community and has proposed potential conditions of release, the Court finds that no condition or combination of conditions are available to reasonably assure Defendant's future appearance in court proceedings.

It is, therefore, **ORDERED** that Defendant's Motion for Pretrial Release/Bond (Dkt. 22) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on November 29, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record