UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLOVER A. YAWN, JR.,

v.  Case No. 8:16-cr-65-T-33JSS
    8:19-cv-2745-T-33JSS

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Glover A. Yawn, Jr.'s 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 72), which was filed on October 29, 2019. The United States of America responded on December 3, 2019. (Civ. Doc. # 5). Yawn failed to file a reply by the deadline. For the reasons that follow, the Motion is denied.

**I. Background**

On August 17, 2016, Yawn was charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Crim. Doc. # 1). On December 1, 2016, Yawn pled guilty. (Crim. Doc. ## 35-38).

In the presentence investigation report, Probation determined that Yawn was an armed career criminal under the

1

Armed Career Criminal Act (ACCA). (Crim. Doc. # 45 at 6). Probation relied on four of Yawn's previous felony convictions in making this determination: battery on a detained person; felony battery; possession with intent to sell, manufacture, or deliver cocaine in violation of Section 893.13(1), Fla. Stat.; and possession with intent to sell, sale, or delivery of cocaine within 1000 feet of a place of worship in violation of Section 893.13(1). (Id.; Civ. Doc. # 5-1). Probation calculated that Yawn had a minimum sentence of fifteen years' imprisonment and a guidelines range of 180 to 210 months' imprisonment. (Crim. Doc. # 45 at 23-24).

In a sentencing memorandum and at sentencing, counsel for Yawn challenged her client's designation as an armed career criminal. Although Yawn maintained that his two prior convictions for battery were not violent felonies, he did not argue that his drug convictions failed to qualify as "serious drug offenses" under the ACCA. (Crim. Doc. # 47; Crim. Doc. # 66 at 6-8). At sentencing, the United States acknowledged that Yawn's conviction for battery on a detained person was not a violent felony but argued that the felony battery conviction was a violent felony. (Crim. Doc. # 66 at 8).

After oral argument, the Court continued the sentencing to further review the question of whether the felony battery

conviction was a violent felony. (Id. at 24-25). On the second day of the sentencing, the Court rejected Yawn's argument and held that felony battery was a violent felony. (Crim. Doc. # 67 at 16-17). Because Yawn had three prior convictions for violent felonies and serious drug offenses, the Court concluded that Yawn was an armed career criminal under the ACCA and sentenced him to the mandatory minimum of 180 months' imprisonment. (Crim. Doc. ## 51-52).

Yawn directly appealed his sentence, arguing that he should not have been classified as an armed career criminal because his felony battery conviction was not a violent felony. (Crim. Doc. ## 54, 69). The Eleventh Circuit affirmed. (Crim. Doc. ## 69-70). The Supreme Court denied Yawn's petition for writ of certiorari on November 5, 2018. (Doc. # 71).

Yawn now timely seeks post-conviction relief under 28 U.S.C. § 2255. The Motion is ripe for review.

**II. Discussion**

In his Motion, Yawn advances several grounds for post-conviction relief. (Civ. Doc. # 1). Yawn bears the burden of proving that he is entitled to relief under Section 2255. See Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir.

3

2015)("[W]e note that Rivers bears the burden to prove the claims in his § 2255 motion.").

**A.    Serious Drug Offenses**

First, Yawn argues that his two prior drug convictions under Florida Statute § 893.13(1) should not qualify as "serious drug offenses" under the ACCA. (Civ. Doc. # 1 at 6-8).

This argument is foreclosed by precedent. In United States v. Smith, the Eleventh Circuit held that a conviction for violation of Section 893.13(1) qualified as a "serious drug offense" under the ACCA. 775 F.3d 1262, 1266-68 (11th Cir. 2014).

Yawn is correct that the Supreme Court has granted certiorari to review whether Section 893.13(1) convictions qualify as serious drug offenses under the ACCA. See Shular v. United States, 139 S. Ct. 2773 (2019)(granting petition for writ of certiorari). However, the Supreme Court has yet to rule on the issue. Until that time, Smith is binding on this Court, and Yawn's two Section 893.13(1) convictions are serious drug offenses. See Grice v. United States, No. 3:15-cr-33-J-32JBT, 2019 WL 3944322, at *4 (M.D. Fla. Aug. 21, 2019)("The Court recognizes that the United States Supreme Court granted certiorari review to determine whether §

4

893.13(1)(a), Fla. Stat., is a 'serious drug offense' under the Armed Career Criminal Act, Shular v. United States, No. 18-6662, but Smith remains controlling in the meantime.").

Accordingly, Yawn may obtain no relief under this argument at this time.

**B.   Rehaif**

Yawn next argues that Rehaif v. United States, 139 S. Ct. 2191 (2019), requires that his conviction be vacated for failure to state a crime and because his indictment failed to charge an essential element of the offense — that Yawn knew he was a convicted felon when he possessed the firearm. (Civ. Doc. # 1 at 9-12).

But Rehaif did not announce a new rule of constitutional law. See In re Wright, 942 F.3d 1063, 1065 (11th Cir. 2019)("First, Rehaif v. United States did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2)." (citing In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019)). "Further, the Supreme Court did not make Rehaif retroactive to cases on collateral review." Id.

Thus, Rehaif does not apply retroactively to Yawn's case and Yawn's argument lacks merit. See Durham v. United States, No. 13-CR-60270, 2019 WL 5653858, at *8 (S.D. Fla. Oct. 9,

5

2019)("In a supplement to his motion to vacate filed on July 11, 2019, Petitioner alleges that he is actually innocent in light of the Supreme Court's recent decision in Rehaif v. United States . . . . The Eleventh Circuit has recently held that Rehaif does not apply retroactively to cases on collateral review. . . . As a result, Movant's supplemental argument is without merit." (citing In re Palacios, 931 F.3d 1314)), report and recommendation adopted, No. 17-CV-62355, 2019 WL 5617936 (S.D. Fla. Oct. 31, 2019), and objections overruled, No. 17-CV-62355, 2019 WL 6336979 (S.D. Fla. Nov. 27, 2019).

    **C.**    **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Yawn must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000)(citations omitted). In other words, Yawn must show that "no competent counsel would have taken the

6

action that his counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Yawn must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component." Ortiz v. United States, No. 8:15-cr-409-T-33JSS, 2017 WL 6021645, at *2 (M.D. Fla. Jan. 11, 2017).

Yawn argues that his counsel was ineffective for two reasons. (Civ. Doc. # 1 at 5-6, 13). First, counsel did not raise the argument that Yawn's Section 893.13 convictions "were not 'serious drug offenses' under the ACCA, due to that statute's lack of mens rea." (Id. at 13). Second, according to Yawn, his counsel was ineffective because she "failed to

file a motion to dismiss his § 922(g)(1) indictment for failing to state a federal crime, as now clarified in Rehaif." (Id.).

These arguments fail. As discussed above, binding precedent holds that Yawn's prior drug convictions qualify as serious drug offenses. An attorney is not ineffective for not pursuing an argument foreclosed by precedent. See Farley v. United States, No. 8:05-cr-62-T-27TBM, 2009 WL 3294816, at *4 (M.D. Fla. Oct. 13, 2009)("Petitioner's attorney could not have been ineffective in failing to make an argument which would have been contrary to existing precedent."); see also Cooks v. United States, No. CR 112-254, 2015 WL 13735429, at *7 (S.D. Ga. July 29, 2015)(explaining that "Petitioner's counsel was not ineffective for failing to challenge Petitioner's conviction for robbery as an ACCA predicate at sentencing" because "any argument at sentencing by Petitioner's counsel against the use of robbery as a predicate would have been foreclosed by Welch because the Georgia statute would have categorically qualified under the ACCA's residual clause"), report and recommendation adopted, No. CR 112-254, 2015 WL 7069665 (S.D. Ga. Nov. 13, 2015). Put differently, Yawn's "counsel cannot be deemed ineffective for failing to anticipate a change in the law." Viers v. Warden,

605 F. App'x 933, 942 (11th Cir. 2015)(citing Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994)).

Additionally, Rehaif was decided after Yawn's sentencing and after the Eleventh Circuit affirmed the sentence on direct appeal. When Yawn was sentenced, binding Eleventh Circuit precedent foreclosed the argument that the United States must plead and prove a defendant's knowledge of his status as a felon. See United States v. Jackson, 120 F.3d 1226, 1229 (11th Cir. 1997)(holding that a defendant does not have to know of his status as a felon to be convicted of knowingly possessing a firearm after a felony conviction). Thus, the Court agrees with the United States that "defense counsel was not ineffective for failing to argue that Yawn was unaware he was a convicted felon." (Civ. Doc. # 5 at 15); see also Viers, 605 F. App'x at 942 ("[C]ounsel cannot be deemed ineffective for failing to anticipate a change in the law.").

### III. **Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

The Court declines to issue a certificate of appealability because Yawn has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Yawn to proceed on appeal in forma pauperis because such an appeal

9

would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Yawn shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Glover A. Yawn, Jr.'s 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 72) is **DENIED**. The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of January, 2020.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE